UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jerome Rivers
_____

Write the full name of each plaintiff.

18 cv 10710 (CM)
(Include case number if one has been assigned)

-against-

City of New York
_____

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☒ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-7-19

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

**Jerome** _____ **Rivers**
First Name | Middle Initial | Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

**4411707683**
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

**Brooklyn Detention Center 275 Atlantic Ave.**
Current Place of Detention

**275 Atlantic Ave.**
Institutional Address

**Brooklyn** | **N.Y.** | **11201**
County, City | State | Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

**Defendant 1:**

First Name: John    Last Name: Doe    Shield #:

Current Job Title (or other identifying information): City of New York

Current Work Address: 100 Church St.

County, City: New York    State: N.Y.    Zip Code: 10007

**Defendant 2:**

First Name:    Last Name:    Shield #:

Current Job Title (or other identifying information):

Current Work Address:

County, City:    State:    Zip Code:

**Defendant 3:**

First Name:    Last Name:    Shield #:

Current Job Title (or other identifying information):

Current Work Address:

County, City:    State:    Zip Code:

**Defendant 4:**

First Name:    Last Name:    Shield #:

Current Job Title (or other identifying information):

Current Work Address:

County, City:    State:    Zip Code:

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Kings Criminal Court County Part DV1

Date(s) of occurrence: 07-29-2017

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

I was arrested on July 29, 2017 and was interview at 75 precint, where the NYPD conduct a rush to judgement and arrested me. Then I went to Kings County supreme court at 320 Jay Street.
I went in front of the grand jury at 320 Jay street brooklyn supreme court, whereas I was directed to 120 s. st. Where I was dismissed, case dismissed / terminated.
I was released on my own recognizance on september 29, 2017. I was rearrested one or two day's later, that is the end of September / beginning October 2017. I remained in protective custody. The case was dismissed on December 12, 2017 at 6:32 p.m. Current incarceration is due to another case. It has nothing to do with the dismissed case.
I would like to point out to prospective civil lawsuit lawyer that I would sue for damages to being wrongfully accused and prosecuted in case indicated.

Page 4

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Pain and Suffering, Mental anguish, Defamation of Character, Malicious prosecution, False imprisonment, Civil conspiracy, ect.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

Due to concluded case that led to dismissal and termination. I do request compensatory monetary damages in the amount of Two Hundred Thousand Dollars and Zero cents (Amount Hereby specified in numerical terms read - 200 K U.S. Dollars or 200,000.00 U.S. Dollars).

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

02-04-2019
Dated

Plaintiff's Signature

Jerome                                    Rivers
First Name         Middle Initial          Last Name

275 Atlantic Ave.
Prison Address

Brooklyn                New York                11201
County, City            State                   Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: 02-04-2019

Page 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEROME RIVERS,

                Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

                Defendants.

18-CV-10710 (CM)

ORDER TO AMEND

---

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Brooklyn Detention Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that in 2017, Defendants arrested him, held him in protective custody, and then dismissed his criminal case. By order dated January 14, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges the following: in September or October of 2017, a John Doe police officer arrested him (the "September/October arrest"). Following the arrest, Plaintiff "remained in protective custody" until his release on December 12, 2017. (Compl. at 4.) Plaintiff does not assert where the defendant-officer arrested him or where the City of New York held him in protective custody.

Plaintiff attaches to his complaint a state-court document, indicating that charges arising out of a May 2, 2017, New York County arrest were dismissed on October 24, 2018. (*Id.* at 7.) He also attaches a document regarding a Kings County criminal case that was opened on November 3, 2017, and closed on December 12, 2017. (*Id.* at 8.)

On November 19, 2018, this Court transferred to the United States District Court for the Eastern District of New York another action Plaintiff brought against the City of New York. *See Rivers v. City of New York*, No. 18-CV-10726 (S.D.N.Y. Nov. 19, 2018). That action concerned an arrest in Queens County that occurred "between September 28, 2017 [and] September 29, 2017." *Id.* (ECF No. 2 at 4.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept

2

"[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint does not make a short and plain statement showing the Plaintiff is entitled to relief. Rather, Plaintiff provides details regarding the following arrests: a May 2, 2017 arrest in New York County, the September/October arrest, and a November 3, 2017 Kings County arrest. But the September/October arrest may in fact be the November 3, 2017 Kings County arrest. In the alternative, because the September/October arrest occurred around the same time as the arrest in *Rivers*, No. 18-CV-10726 (CM), it is not clear whether this action is a duplicate filing of that matter.

The Court therefore grants Plaintiff leave to file an amended complaint to provide more details regarding his arrest. Plaintiff shall indicate where the arrest occurred and where Defendant detained him. The Court advises Plaintiff that should it become clear that the events giving rise to this claim occurred in a county outside of this District, the Court may transfer the action under 28 U.S.C. § 1406, in the interests of justice

### LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated;

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

4

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-10710 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 29, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge