UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
JEROME RIVERS,  :
: **MEMORANDUM**
: **DECISION AND ORDER**
Plaintiff,  :
: 19-cv-1636 (BMC) (SMG)
- against -  :
:
CITY OF NEW YORK and TYLER  :
MARSHALL,  :
:
Defendants.  :
-------------------------------------------------------- X

**COGAN**, District Judge.

In this *pro se* police misconduct case under 42 U.S.C. § 1983, defendants have moved for summary judgment on the ground that there is no factual dispute that the police had probable cause to arrest and prosecute plaintiff. Plaintiff's only opposition is to point out that the charges for which he was arrested were subsequently dropped. That does not address the question of probable cause and the documents that defendants have submitted show that probable cause was present. The motion for summary judgment is therefore granted.

## BACKGROUND

Plaintiff's amended complaint alleges that he was arrested and interviewed by the New York Police Department, and the charges were thereafter dismissed.[1] The arrest documents show that the police received a complaint from plaintiff's girlfriend that plaintiff had attempted to rape her. Specifically, she stated:

---

[1] The case was originally commenced in the Southern District of New York and then transferred here under 28 U.S.C. § 1404(a).

> Jerome Nathaniel Rivers was smoking crack[,] drinking alcohol. Later on he tried to rape me. He put his hands around my neck[.] I lost my breath. He began punching me in the face demanding me to turn around on my knees like a dog so he could f___ me. I said [n]o[.] He said he would kill me. I then grab his penis and pushed him off me[.] [I ran] to the bedroom and pushed the bed against the door and called 911.

The complainant also told the police he had "grab[bed] her breasts, penetrated his vagina with his fingers, and did repeatedly punch her in the face with a closed fist resulting in swelling to the left side of her face." Plaintiff was arrested at the scene and charged with various assault and sexual abuse felonies.

## DISCUSSION

Reading plaintiff's amended complaint liberally, he is asserting claims for false arrest and malicious prosecution under 42 U.S.C. § 1983. However, the "existence of probable cause to arrest … is a complete defense to an action for false arrest ... under § 1983." Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999) (internal quotation marks and citation omitted). "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013). "Whether probable cause existed is a commonsense inquiry, based on the totality of the circumstances, not on reflexive, isolated, or technical criteria." Cruz v. City of New York, 232 F. Supp. 3d 438, 453 (S.D.N.Y. 2017). "The lawfulness of an arrest does not depend on an ultimate finding of guilt or innocence." Id.

In determining whether probable cause exists, an officer need not decide between inconsistent accounts of the events, as the arresting officer is "neither required nor allowed to sit

as prosecutor, judge or jury." Smith v. City of New York, 388 F. Supp. 2d 179, 185 (S.D.N.Y. 2005) (quoting Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989)). "[T]he arresting officer does not have to prove plaintiff's version wrong before arresting him." Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001). "In sum, probable cause does not demand any showing that a good-faith belief be 'correct or more likely true than false.'" Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).

Applying these principles, it is clear that plaintiff's false arrest claim fails. The police had a detailed statement from the victim which creates probable cause to believe that numerous crimes occurred. Indeed, plaintiff has not submitted anything to contradict that; his amended complaint is based on his mistaken belief that the subsequent withdrawal of the charges against him is enough to support a false arrest claim.[2] That is simply wrong. See Rinaldi v. City of New York, 756 F. Supp. 111, 115 (S.D.N.Y. 1990) ("The fact that charges against an arrestee are eventually dropped, or that he is acquitted after trial, has no bearing on the determination of whether probable cause existed to arrest him.") (internal quotation marks and citation omitted).

The only other claim that may be inferred from plaintiff's complaint is malicious prosecution. That claim also is defeated by the existence of probable cause. See Savino v. City

---

[2] Plaintiff also makes a statement that defendants have "no medical record of the injury that I have sustain[ed]." The meaning of that is unclear, but I will assume that plaintiff is claiming that he was also injured in the altercation with his girlfriend. That does not matter; as noted above, the police are "neither required nor allowed to sit as prosecutor, judge or jury." Smith, 388 F. Supp. 2d at 185.

3

of New York, 331 F.3d 63, 72 (2d Cir. 2003).  Although additional facts and circumstances may come to the attention of the police between the time of arrest and the prosecution of the case that causes probable cause to dissipate, see Lowth v. The Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996), that is not the case here.  Plaintiff has pointed to no circumstances that should have caused the police to advise the prosecutor that the case had changed.[3]

## CONCLUSION

Defendants' motion for summary judgment [19] is granted.  The Clerk is directed to enter judgment, dismissing the complaint.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                         U.S.D.J.

Dated: Brooklyn, New York
       December 3, 2019

---

[3] Plaintiff's complaint also fails because his amended complaint contains no factual allegations that defendant, the City of New York, caused his arrest by reason of a procedure, policy or practice that is unconstitutional – the only basis for liability against a municipal defendant.  See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 701 (1978).